IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**THOMAS FARRIS,**

      Petitioner,

v.                                      Case No. 2:15-cv-10753

**DISMAS CHARITIES, St. Albans, W. Va.,
and U.S. ATTORNEY GENERAL,**

      Respondents.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Letter for Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, on the form provided by the Clerk (ECF No. 5) (hereinafter "Form Petition"). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The petitioner was convicted in this District Court of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. On August 11, 2008, he was sentenced to serve 70 months in prison, followed by a three-year term of supervised release. (Case No. 3:08-cr-00030, Judgment, ECF No. 47). Subsequently, the petitioner pled guilty to an escape from the custody of the Attorney General, in violation of 18 U.S.C. § 751(a), and, on May 7, 2013, he was sentenced to serve a consecutive 33

month term of imprisonment, followed by a concurrent three-year term of supervised release. (Case No. 2:12-cr-00217, Judgment, ECF No. 95).

On July 14, 2015, the Clerk's Office received and docketed the petitioner's Letter for Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). At the time he filed his Letter-Form Petition, the petitioner was incarcerated at the South Central Regional Jail ("SCRJ"), in Charleston, West Virginia after being removed from the Dismas Charities halfway house in St. Albans, West Virginia.[1] The Letter-Form Petition indicates that the petitioner was "being illegally held by Regional Jail." (*Id.* at 1). The Letter-Form Petition indicates that the petitioner is illiterate and that his document was prepared by another inmate, James Smith (a "paralegal" and his "attorney in fact").

On July 27, 2015, the petitioner filed his Form Petition, which was also drafted by James Smith. (ECF No. 5). On the Form Petition, which is made under penalty of perjury, the petitioner checked boxes stating he was challenging "How your sentence is being carried out, calculated or credited by prison or parole authorities (for example, revocation or calculation of good time credits). He also checked boxes for "Disciplinary proceedings" and "Other," with the explanation of "disposition of personal property at Dismas halfway house in Saint Albans W. Va. on or about July 7th 2015." The Form Petition contains the following grounds for relief:

> **Ground One:** I was never given a BOP appeal form for the Breathalizer either at Dismas or here.
> On July 6th 2015 I was called back to Dismas while going to the KFC in Southridge. Mr. Sands gave me a Breathalizer which showed no alcohol at all! Then he forced another Breathalizer on me and said now you are "dirty."

---

[1] Presumably, the petitioner had been placed at the halfway house to serve the last portion of his sentence prior to being released on supervised release.

**Ground Two:** All my property was seized on July 7th at Dismas by the staff. Mr. Sands would not allow storage and the Marshals would not take it.

At no time was I given an overt opportunity to possess my property. Mr. Sands said I had donated it to charity as I have no next of kin nor any friends to take it. This includes $8.40, $12.00 in food stamps, $1.00 on a credit card, $200 in personal effects.

**Ground Three:** I lost my job at Kentucky Fried Chicken South Ridge, Charleston, W.Va. at $8.00 per hour because of the actions and inactions of Dismas.

On July 7th 2015 I was arrested by the Marshals and transported here therefore I could not report to my boss in the afternoon (5 pm). I was going to Healthrite to see my doctor for a medical appointment for my medicine. This violated my rights under the Americans with Disabilities Act.

**Ground Four:** The actions and inactions of Dismas have caused pain and suffering. I've not been allowed any medical or dental treatment because of this.

I was supposed to see a dentist on July 10th 2015 for repair work on numerous dental problems. Also I was scheduled every Friday to see my psychiatrist. Counselor Shirk [sp?] at Dismas can verify this. Also I had a scheduled medical appointment this is by Healthrite.

(ECF No. 5 at 6-8). The petitioner requests the following relief in his Form Petition:

1. Return of all personal property or fair compensation;

2. Payout for pain and suffering;

3. Back wages due from KFC had I been able to carry on my job; and

4. Return of all status.

(*Id.* at 8).

On August 14, 2015, the petitioner provided a change of address, listing 600 Shrewsbury Street (which is the address for Covenant House) in Charleston, West Virginia. (ECF No. 11). Accordingly, it appears that the petitioner was no longer in

custody at that time.[2]

## ANALYSIS

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Although the petitioner's Letter-Form Petition (ECF No. 1) was clearly styled as a petition for habeas corpus under section 2241, seeking release from allegedly illegal confinement, his Form Petition is convoluted and clearly asserts other claims that are not cognizable in a habeas corpus proceeding. Specifically, Ground Two of the Petition seeks the return of the petitioner's personal property and Grounds Three and Four assert claims that appear to sound in tort law or under some other federal statute, such as the Americans with Disabilities Act, and seek monetary damages for lost wages and pain and suffering. As will be explained *infra*, the petitioner cannot pursue those claims in this habeas corpus proceeding, but might be able to pursue such claims in separate civil actions.

### A.   The petitioner's claim for habeas corpus relief is moot.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has

---

[2] From a review of the petitioner's criminal docket sheet, it appears that the petitioner was released on supervised release on August 5, 2015, but subsequently had his term of supervised release revoked by Chief Judge Robert C. Chambers on February 23, 2016. He was sentenced to serve 21 months in prison, followed by a 12-month term of supervised release. *United States v. Farris*, case No. 3:08-cr-00030, ECF No. 73. According to the United States Marshals Service, the petitioner is presently incarcerated at the Carter County Detention Center in Grayson, Kentucky, presumably awaiting transfer to a BOP facility.

been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

Construed liberally, the petitioner's Letter-Form Petition and Ground One of the Form Petition appear to be grounded in alleged illegal placement of the petitioner at the SCRJ on July 7, 2015, and he has since been released from such custody with no apparent collateral consequences.[3] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's request for habeas corpus relief as alleged in those grounds is now moot in light of his release from such custody. To the extent that the petitioner's requests for relief in the Form Petition also include a request for the restoration of any good conduct time ("GCT"), that request also appears to be moot in light of the petitioner's release from custody. *Se, e.g., Kokoski v. Small,* Case No. 5:07-cv-0145, 2008 WL 3200811 (S.D. W. Va. Aug 5, 2008) ("the amount of GCT credited towards the petitioner's prior sentence has no effect on the time he will serve on supervised release, or on any term of imprisonment he could receive in the future, should his supervised release be revoked.").

B.  **The petitioner's other claims for relief.**

The remaining claims in the petitioner's section 2241 petition are not cognizable in a habeas corpus proceeding under 28 U.S.C. § 2241. The petitioner's claim in ground

---

3  The revocation of the petitioner's supervised release is not a collateral consequence of his removal from the halfway house and placement at the SCRJ. Accordingly, the undersigned believes that there is no remaining case or controversy with respect to the custody challenged in the instant section 2241 petition.

Two of the Form Petition concerning his personal property is not actionable in a habeas corpus petition. *See Benoit v. Cain*, Civil Action No. 6:09-2094, 2010 WL 897247, *1 (W.D. La. Mar. 9, 2010); *Ameziane v. Obama,* 58 F. Supp. 3d 99, 102 (D.D.C. 2014) ("A legal challenge to the government's confiscation and continued possession of petitioner's personal property is not a 'proper claim for habeas relief.' While a habeas petition is a vehicle capable of challenging the basis of a governmental restriction on a person's liberty' it is 'not capable of addressing private property rights.'"); *Buchanan v. Johnson*, 723 F. Supp. 2d 727, 732 (D. Del. 2010) ("As an initial matter, to the extent claim three seeks the return of any seized property in connection with petitioner's arrest, petitioner has failed to assert an issue cognizable on federal habeas review."); *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (holding that Nigerian national's allegation that immigration officials stole his personal property was not cognizable in § 2241 habeas proceeding).

Likewise, the petitioner's claims concerning the loss of his employment, the alleged denial of his rights under the Americans with Disabilities Act, the alleged denial of medical and dental treatment, and any pain and suffering as alleged in Grounds Three and Four of his petition, are not cognizable in a section 2241 proceeding. To the extent that Mr. Smith may presently wish to pursue any remedies for such conduct, he may do so, only after exhausting any available administrative remedies, and by filing a separate Complaint in this district court or in the appropriate state court.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Grounds Two, Three and Four of the Form Petition are not cognizable in a section 2241 habeas corpus proceeding and, thus, are not proper for adjudication in the instant civil action. Additionally, the petitioner makes a demand for the return of his

property or compensation therefore and back wages due to his loss of employment, none of which is available in federal habeas corpus proceeding.[4] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Form Petition fails to state any claim upon which relief can be granted by this court.

## RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Letter-Form Petition for Writ of Habeas Corpus (ECF No. 1) and Ground One of his Form Petition for Writ of Habeas Corpus (ECF No. 5). It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Grounds Two, Three and Four of the Form Petition (ECF No. 5) for failure to state a claim upon which relief can be granted in the instant proceeding. It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this

---

[4] Mr. Farris may be able to pursue such relief in association with any other civil actions he may file as addressed herein.

Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to the petitioner.

March 18, 2016

Dwane L. Tinsley
United States Magistrate Judge